IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION FILE |
| v. | NO. 4:17-CR-0039-JPB-WEJ-6 |
| MAURICE ANTONIO KENT, et al., | |
| Defendants. | |

### REPORT AND RECOMMENDATION

Defendant Michael Kent has filed an Amended Motion to Dismiss on the Speedy Trial Act and Violation of the Sixth Amendment [340].[1]  For the reasons stated below, the undersigned **RECOMMENDS** that said Motion be **DENIED**.

### I.  BACKGROUND

Defendant Michael Kent made an initial appearance and received a copy of the Superseding Indictment on March 27, 2018 at a hearing held in the Eastern District of Missouri [66-2].  The undersigned arraigned Mr. Kent on April 16, 2018

---

[1] The undersigned assumes that defendant captioned the instant Motion as "Amended" because he filed an almost identical one on September 24, 2019 [246], which the undersigned denied via an October 3, 2019 Minute Sheet [273].

[86]. He was detained pending trial in an Order entered April 23, 2018 [94]. Following extensive motion practice, the undersigned certified this case as ready for trial on February 21, 2020. (See oral order.)[2] No trial date has yet been set. Defendant contends that these delays have violated his rights under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174 ("STA"), and the Sixth Amendment.[3]

## II.   ANALYSIS

### A.   The Speedy Trial Act

Pursuant to the STA, a criminal trial must commence within seventy days from "the filing date (or making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1); see also United States v. Beard, 41 F.3d 1486, 1488 (11th Cir. 1995).  Where multiple defendants

---

[2] Although this case was certified ready for trial, the presiding District Judge asked the undersigned to submit a report and recommendation on this Motion.  The undersigned was happy to assist.

[3] The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."  U.S. Const. amend. VI. "To strengthen this constitutional mandate, Congress passed the Speedy Trial Act." United States v. Ammar, 842 F.3d 1203, 1205 (11th Cir. 2016).  "The rights of criminal defendants under the Speedy Trial Act and the sixth amendment are distinct, though obviously related."  United States v. Gonzalez, 671 F.2d 441, 442 (11th Cir. 1982).

are charged, the seventy-day time limit begins to run when the last co-defendant is indicted or arraigned. 18 U.S.C. § 3161(h)(7); United States v. Schlei, 122 F.3d 944, 985 (11th Cir. 1997). If the defendant is not tried within the proper time period, the Court must dismiss the indictment. 18 U.S.C. § 3162(a)(2).

The STA provides, however, for exclusion of certain specified periods of time from speedy trial calculations. 18 U.S.C. § 3161(h); United States v. Jernigan, 341 F.3d 1273, 1286 (11th Cir. 2003). For example, the seventy-day period does not include time during which pretrial motions are pending. 18 U.S.C. § 3161(h)(1)(D) (excluding time "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"); United States v. Harris, 376 F.3d 1282, 1288-89 (11th Cir. 2004). In a multi-defendant case, motions filed by one defendant will trigger excludable time for all of the defendants. United States v. Martinez, 749 F.2d 623, 624 (11th Cir. 1984); see also United States v. Phillips, 936 F.2d 1252, 1254 n.2 (11th Cir. 1991).

For pretrial motions that require hearings, "the entire time from the filing of the motion to the conclusion of the hearing is excludable, even when the hearing is

deferred until trial."[4]  Phillips, 936 F.2d at 1254; see also Harris, 376 F.3d at 1289. The exclusion of the entire period (i.e., from filing of the motion until the conclusion of the hearing) "is not subject to review regarding its reasonableness." United States v. Davenport, 935 F.2d 1223, 1228 (11th Cir. 1991).

Some other exclusions merit mentioning here.  First, the STA excludes any "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant."  18 U.S.C. § 3161(h)(1)(A).[5]  Also excluded from the seventy-day period is "[a]ny period of

---

[4] In contrast, the excludable time is limited to thirty days for a motion that does not require a hearing and "is actually under advisement by the court."  18 U.S.C. § 3161(h)(1)(H); see also Phillips, 936 F.2d at 1254.

[5] Mr. Kent filed a "Motion for Mental Evaluation" [208] on July 12, 2019. The undersigned granted that Motion on July 17, 2019 [210].  The Court received a "Forensic Evaluation-Competency" on October 21, 2019 [279].  The evaluator believed that Mr. Kent was malingering and exaggerating his symptoms, and while finding him competent, indicated that further evaluation might be helpful.  He reiterated the additional assessment was needed in a competency hearing held on November 21, 2019 [296].  Accordingly, the Court directed a second evaluation by Order dated December 3, 2019 [299].  The Court received a "Forensic Psychological Report" on Mr. Kent on February 3, 2020 [313], which found him competent to stand trial.  Following a competency hearing on February 21, 2020 [315], this Court recommended that Mr. Kent be found competent to stand trial in an Order of that same date [316].  The Honorable J. P. Boulee, United States District Judge, adopted that recommendation by Order dated April 1, 2020 [331]. Thus, the period of time necessary to determine Mr. Kent's competence (which is excludable) lasted almost nine months.

delay resulting from a continuance granted by any judge on his own motion . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(7)(A). The Court must set forth, either orally or in writing, the reasons for making such findings. Id. In deciding whether to grant an "ends of justice" continuance, a judge should consider, inter alia, (1) whether the failure to grant such a continuance in the proceeding would be likely to result in a miscarriage of justice; and (2) whether the case is so unusual or complex because of the number of defendants, the nature of the prosecution, or the existence of a novel question of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings. Id. § 3161(h)(7)(B)(i), (ii). The trial court "has broad discretion in deciding whether to grant a continuance and its decision will not be disturbed absent abuse of that discretion." United States v. Hope, 714 F.2d 1084, 1086 (11th Cir. 1983) (per curiam).

In compliance with 18 U.S.C. § 3161(7)(A)-(B), the Honorable Harold L. Murphy, Senior United States District Judge, issued an Order dated March 29, 2018 [67], that summarized his findings supporting the need for an "ends of justice" continuance and which stated that "all of the time from the date of this Order until the date that a jury can be empaneled and sworn to try this case be **EXCLUDED**

5

from computations under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A)." Defendant's Motion does not mention Judge Murphy's Order of March 29, 2018 [67] or challenge any of the findings he made therein. Thus, defendant's claim that his rights under the STA have been violated is without merit.[6]

### B. Sixth Amendment

Defendant also claims that the pretrial delays here violated his Sixth Amendment rights. "A delay of sufficient length may be a constitutional violation, even though it is not a violation of the Speedy Trial Act." United States v. Twitty, 107 F.3d 1482, 1490 (11th Cir. 1997); see also United States v. Herman, 576 F.2d 1139, 1144 n.3 (5th Cir. 1978) ("Compliance with the Speedy Trial Act does not work as a bar to a Sixth Amendment claim."). "Although compliance with the Speedy Trial Act does not bar Sixth Amendment speedy trial claims, 'it will be an

---

[6] The Court conducted a speedy trial query in CM/ECF for Mr. Kent's case. As of June 1, 2020, given the numerous motions that have been filed by Mr. Kent and his co-defendants (some of which remain pending), the delay resulting from proceedings to determine Mr. Kent's mental competency, and the time excluded under the Court's Covid-19 Orders ([328], [333], [341], [345]), September 11, 2020 is Mr. Kent's current STA deadline. Therefore, even in the absence of Judge Murphy's "ends of justice" Order of March 29, 2018 [67], there has been no STA violation.

unusual case in which time limits of the Speedy Trial Act have been met but the [S]ixth [A]mendment right to a speedy trial has been violated.'" Schlei, 122 F.3d at 986 (11th Cir. 1997) (quoting United States v. Saintil, 705 F.2d 415, 418 (11th Cir. 1983)).

In Barker v. Wingo, 407 U.S. 514 (1972), the Supreme Court established a four-factor test to determine when a defendant's constitutional right to a speedy trial has been violated.  The four factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the speedy trial right; and (4) the prejudice to the defendant.  Id. at 530.  "[T]o trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." Doggett v. United States, 505 U.S. 647, 651-52 (1992) (quoting Barker, 407 U.S. at 530-31). "Only if this threshold point is satisfied may the court proceed with the final three factors in the Barker analysis." United States v. Clark, 83 F.3d 1350, 1352 (11th Cir. 1996).  If, after the threshold inquiry is satisfied and the second and third factor are considered, all three of these factors weigh heavily against the Government, the defendant need not show actual prejudice (the fourth factor) to succeed in showing a violation of his right to a speedy trial.  Doggett, 505 U.S. 647; see also United States v. Ingram, 446 F.3d 1332, 1336 (11th Cir. 2006).  "[A] defendant generally

7

cannot establish a Sixth Amendment speedy trial claim, however long the delay, if the government pursued the prosecution with reasonable diligence, and the defendant fails to show that the delay resulted in specific prejudice to his defense." United States v. Harris, 376 F.3d 1282, 1290 (11th Cir. 2004) (citation and internal quote marks omitted).

The Court concurs with the Government's assertion that Mr. Kent has not met his burden to show that the first three Barker factors—length of delay, reason for the delay, and assertion of the speedy trial right—weigh heavily against the Government.  Although Mr. Kent timely asserted his speedy trial rights, neither the length of the delay nor the reason for the delay heavily favor him.  This is a complex case, which began with the possibility that the death penalty would be sought.  It also had voluminous discovery.[7]  It is not unusual for cases like this to pend for a substantial period of time.  See United States v. Bonilla, 602 F. App'x 667, 668 (9th Cir. 2015) ("[A] 22-month delay is not considered so excessively long that it would weigh heavily in [defendant's] favor."); United States v. Serna-Villareal, 352 F.3d 225, 232 (5th Cir. 2003) (explaining that "the length of delay factor . . .

---

[7] Discovery was so voluminous that the Court appointed a Coordinating Discovery Attorney by Order dated September 26, 2018 [150].

does not weigh heavily in [defendant's] favor" where delay was "three years and six months").

Because the first three Barker factors do not weight heavily against the Government, the defendant must show actual prejudice resulting from pretrial delay. He has not done so. Mr. Kent asserts that his lengthy incarceration has negatively impacted his mental health. That is not a surprising assertion. However, the evidence does not support it. When defendant was evaluated for competency to stand trial, the mental health professionals at the Federal Medical Center in Lexington, Kentucky noted that Mr. Kent reported symptoms of anxiety and depression which appeared largely attributable to his current incarceration. (See Letter & Report of Jan. 22, 2020 [313] 7.) However, those professionals wrote that his symptoms did not cause a degree of impairment in functioning which would warrant an Adjustment Disorder or Mood diagnosis. (Id.) Further, Mr. Kent's reported symptoms were not judged to be in excess of what one would expect given his current situation. (Id.) They also wrote that Mr. Kent appeared to be able to manage his symptoms independently. (Id.) Situational anxiety or depression are insufficient to carry the burden of showing actual prejudice.

Finally, defendant asks the Court in passing to dismiss the Indictment as against him under Federal Rule of Criminal Procedure 48(b)(3). (Def.'s Mot. [340]

9

4-5.) Because defendant's rights under the STA and the Sixth Amendment have not been violated, there is no basis to dismiss under that Rule. See United States v. Knight, 562 F.3d 1314, 1324 (11th Cir. 2009) (when a defendant fails to establish that his Sixth Amendment right to a speedy trial was violated, "there is no basis for concluding that the district court abused its discretion in refusing to grant appellant's motion insofar as it relied on [Rule 48(b)]."

### III.   CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Defendant Michael Kent's Amended Motion to Dismiss on Speedy Trial Act and Violation of the Sixth Amendment [340] be **DENIED**.

**SO RECOMMENDED**, this 5th day of June, 2020.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE