FILED IN CHAMBERS
U.S.D.C. ROME
Date: Jan 28 2021
JAMES N. HATTEN, Clerk
By: s/Kari Butler
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION FILE |
| MAURICE ANTONIO KENT, et al. | NO. 4:17-CR-0039-JPB-WEJ |
| Defendants. | **Defendant Michael Kent** |

### NON-FINAL REPORT AND RECOMMENDATION

This matter is before the Court on defendant Michael Kent's Amended Motion to Suppress [419]. For the reasons explained below, the undersigned **RECOMMENDS** that said Motion be **DENIED**.

### I. BACKGROUND

Defendant Michael Kent is charged with a RICO conspiracy in connection with his alleged participation in the murder of Qualeef Rhodes, who was believed to have cooperated with police in reference to a shooting by defendant's brother, co-defendant Maurice Kent  Defendant is alleged to have coordinated with his co-defendants before the murder and to have provided a revolver to one of them immediately before the murder.  (See Sec. Super. Indict. [359].)

Over the course of the investigation, the Government obtained numerous court orders and search warrants seeking cell phone and social media data it believed was relevant to this case, including records relating to Mr. Kent's cell phone and his Instagram and Facebook accounts. (Gov't Resp. [466], at 2.) In the instant Motion, defendant asks the Court to suppress the following items:

- A. evidence seized in the search of his Facebook account, including Facebook messenger records and all images from whatever source;

- B. information from Google accounts, including maps;

- C. "pinged" phone records for Sprint number (678) 651-5458, or any other number allegedly used by him showing the location(s) of his phone(s), *except* for records obtained pursuant to a March 22, 2018 federal search warrant in Case No. 1:18-MC-411; and

- D. Pen register and cell tower information relating to phone number (678) 651-5458.[1]

(Def.'s Mot. [419], at 2.) The Court addresses these in order below.

---

[1] Defendant mentions both (678) 651-5458 and (678) 657-5458. (Def.'s Mot. [419], at 2. The undersigned assumes that the prefix "657" in the second telephone number is a typographical error, given that (678) 651-5458 is the number listed everywhere else in his Motion.

2

## II. DISCUSSION

### A. Facebook Warrant

The Government notes that defendant's Facebook account was searched pursuant to an April 23, 2018 warrant authorized by the undersigned in Case No. 4:18-MC-23. (Gov't Resp. 2 n.1.) The Court agrees with the Government that the Facebook search warrant is analogous to the Instagram search warrant which was authorized by the undersigned in Case No. 4:18-MC-5 on January 5, 2018. Defendant's challenge to that Instagram search warrant was unsuccessful. (See Def.'s Mot. to Supp. [267]; Non-Final R&R of Nov. 5, 2019 [286]; and Order of May 29, 2020 [349], adopting Non-Final R&R.)

The findings the Court made in rejecting defendant's challenge to the Instagram search warrant apply to his instant challenge to the Facebook search warrant. The undersigned reports that the individual facts regarding Mr. Kent, taken together with the recitation in the Affidavit of how the 135 PIRU members use Facebook to communicate and promote gang matters, along with the experience and expertise of the affiant (an FBI task force agent), were sufficient to show that further evidence of criminal activity would likely be found in defendant's Facebook account. Accordingly, probable causes existed to support issuance of the search

warrant to Facebook for records from Mr. Kent's account.[2] Assuming, *arguendo*, that probable cause did not exist, the search warrant falls within the good-faith exception established by United States v. Leon, 468 U.S. 897 (1984).[3]

### B. Information from Google Accounts

The Government represents that it did *not* obtain a search warrant on any Google account associated with defendant. (Gov't Resp. 2 n.2.) To the extent any information from Google or Gmail was uncovered during the investigation, it was via the search of his cellular phone, which was seized at his arrest in March 2018. His cell phone was searched pursuant to a federal search warrant authorized by United States Magistrate Judge Alan J. Baverman on April 19, 2018. (See Case

---

[2] "Probable cause" is defined as a "fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). "Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999) (per curiam).

[3] Leon noted four situations in which the suppression of evidence would still be appropriate: (1) when the judicial officer issues the warrant on a deliberately or recklessly false affidavit; (2) when the judicial officer wholly abandons his judicial role; (3) when the warrant is issued on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) when the warrant is so facially deficient that an officer could not reasonably presume it to be valid. Leon, 468 U.S. at 923. There is no contention that the Facebook search warrant presented any of those four situations.

No. 1:18-MC-576.) Mr. Kent does not challenge that search warrant. Accordingly, there is no basis to suppress any information received from Google about defendant.

### C. Pinged Phone Records

The Government represents that during its investigation, only one phone number was associated with defendant: Sprint telephone number (678) 651-5458. It further represents that no "ping" or geo-location data was sought on that number until March 22, 2018, when United States Magistrate Judge Justin S. Anand authorized a federal search warrant for geo-location data for defendant's phone. (See Case No. 1:18-MC-411.) As noted above, Mr. Kent does not seek suppression of records obtained via that search warrant.

### D. Pen Register and Cell Tower Information

The Government shows that on September 26, 2017, pursuant to 18 U.S.C. § 2703, also known as the Stored Communications Act ("SCA"), it submitted an Application for Historical Cell Site Data and Related Records relating to defendant's phone number for the period of May 1, 2017 to September 26, 2017. (See Application & Order, Case No. 4:17-MJ-43.) The Court issued the requested Order the same date. (Id.)

In March 2018, the Government began preparing a Superseding Indictment which named Michael Kent as a defendant for the first time. The First Superseding

Indictment [24] was returned on March 22, 2018.  To track down defendant, on March 16, 2018, the Government sought a Court Order for prospective pen register, trap and trace data, and cell tower information pursuant to pen trap authorities (18 U.S.C. §§ 3122-24) as well as 18 U.S.C. § 2703(d).  (See Case No. 1:18-MJ-0254.) Defendant was arrested in the Eastern District of Missouri several days later and returned in custody to this District.  (Gov't Resp. 3-4.)

On June 22, 2018, the Supreme Court held in United States v. Carpenter, __U.S. __, 138 S. Ct. 2206 (2018), that seven days of historical cell site information obtained from that defendant's wireless carrier pursuant to a SCA Order was the product of a search which implicated the user's Fourth Amendment privacy interests.  Id. at __, 138 S. Ct. at 2217.  Thus, the Court held that the Government must generally obtain a warrant supported by probable cause before acquiring such information.  Id. at 2221.

As a result of this legal development, the Government represents that it abandoned SCA Orders (also known as 2703(d) Orders) as a vehicle for obtaining historical cell site information; instead, in compliance with Carpenter, investigators requiring historical cell site information began obtaining search warrants articulating probable cause.  The Government concedes that in this case, historical

cell site information relating to defendant's phone was obtained and exploited prior to Carpenter. (Gov't Resp. 4.)

The Government argues, and the Court agrees, that historical cell site information obtained in good faith with a STA Order consistent with existing law, i.e., prior to Carpenter, is not subject to suppression. See United States v. Joyner, 899 F.3d 1199, 1205 (11th Cir. 2018) (finding Leon's good faith exception applied where the Government complied with the requirements of the SCA in obtaining cell site records without a warrant at a time when that warrantless procedure was lawful).[4] Accordingly, the pen register and cell tower information relating to defendant's cell phone number, (678) 651-5458, should not be suppressed.

---

[4] Before the Carpenter decision in June 2018, binding precedent in this Circuit supported use of § 2703(d) Orders to obtain cell site records from telephone companies. See United States v. Davis, 785 F.3 498, 518 (11th Cir. 2015) (en banc) (holding that a § 2703(d) order allowing government access to a cellular provider's records relating to defendant's phone "comports with applicable Fourth Amendment principles and is not constitutionally unreasonable").

7

### III. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant Michael Kent's Amended Motion to Suppress [419] be **DENIED**.

**SO RECOMMENDED**, this 28th day of January, 2021.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE